# Exhibit 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="float:right; border:1px solid;">FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FORD MOTOR COMPANY; and DOES 1 through 50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID DIAZ, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**22STCV19920** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jerry J. Haddad, 319133          (949) 484-9704
The Law Offices of Jerry J. Haddad, APC, 8 Corporate Park, Suite 130, Irvine, CA 92606

| | | |
|---|---|---|
| DATE:   Sherri R. Carter Executive Officer / Clerk of Court Clerk, by | | , Deputy |
| *(Fecha)*   06/17/2022 | *(Secretario)*   Y. Tarasyuk | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   FORD MOTOR COMPANY

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

Jerry J. Haddad, Esq. (SBN 319133)
**The Law Offices of Jerry J. Haddad, APC**
8 Corporate Park, Suite 130
Irvine, CA 92606
Tel:   (949) 484-9704
Fax:  (949) 943-1532
Email: jerryh@lojjh.com

Attorney for Plaintiffs,
DAVID DIAZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| DAVID DIAZ, an individual; | **Case No.: 22STCV19920** |
| Plaintiff, | **UNLIMITED JURISDICTION** |
| vs. | **COMPLAINT** |
| FORD MOTOR COMPANY; and DOES 1 through 50 inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff alleges as follows:

### PARTIES

As used in this Complaint, the word "Plaintiff" and/or "Plaintiffs" shall mean Plaintiff DAVID DIAZ

1.     .

2.     As used in this Complaint, the word "Defendant," when used without reference to a specific named Defendant shall mean Defendants FORD MOTOR COMPANY and DOES 1 to 50.

3.     Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 50. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as

1  DOES 1 to 50, Plaintiff will amend this Complaint to state their true names and capacities.

2  ## FIRST CAUSE OF ACTION

3  ## BY PLAINTIFFS AGAINST DEFENDANT

4  ## FORD MOTOR COMPANY AND DOES 1 TO 50

5  ## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

6  ## CAL. CIV. CODE § 1794

7  4.      On or about December 17, 2021, Plaintiff leased a 2021 Ford Explorer (VIN:

8  1FMSK7FH0MGB71137) (hereafter "Vehicle") which was manufactured, distributed, or sold by

9  Defendant. The Vehicle was purchased and/or used primarily for personal, family, or household

10  purposes, or qualifies as a new motor vehicle under subdivision (e)(2) of Civil Code section

11  1793.22. Plaintiff purchased the Vehicle from a person or entity engaged in the business of

12  manufacturing, distributing, or selling consumer goods at retail.

13  5.      In connection with the purchase, Plaintiff received an express written warranty in

14  which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or

15  to provide compensation if there is a failure in utility or performance for a specified period of

16  time. The warranty provided, in relevant part, that in the event a defect developed with the

17  Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to

18  Defendant's representative and the Vehicle would be repaired.

19  6.      During the warranty period, the Vehicle contained or developed various defects,

20  including but not limited to; defects with the Vehicle's electric charging system; and/or any other

21  defects described in the Vehicle's repair history. Said defects substantially impair the use, value,

22  or safety of the Vehicle.

23  7.      Pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was

24  accompanied by Defendant's implied warranty of merchantability. The duration of the implied

25  warranty is coextensive in duration with the duration of the express written warranty provided by

26  Defendant.

27  8.      The implied warranty of merchantability means and includes that the Vehicle will

28  comply with each of the following requirements: (1) The Vehicle will pass without objection in

the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

9.     During the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 6, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

10.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis.*

11.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code § 1794.

12.     Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

///
///
///

## SECOND CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT
## FORD MOTOR COMPANY AND DOES 1 TO 50
## BREACH OF THE IMPLIED WARRANTY OF FITNESS
## CAL. CIV. CODE § 1794

13. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 10, above.

14. Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

15. Pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

16. On or about March 2022, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 6, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

17. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code § 1794.

18. Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

///

4
COMPLAINT

### THIRD CAUSE OF ACTION
### BY PLAINTIFFS AGAINST DEFENDANT
### FORD MOTOR COMPANY AND DOES 1 TO 50
### SALE OF DEFECTIVE MERCHANDISE WITHOUT DISCLOSING DEFECTS
### BUS. & PROF. CODE, § 17531; § 17535

19.     On or about March 2022, Defendant advertised, called attention to, or gave publicity to the sale of merchandise, which merchandise was defective in any manner, without conspicuously displaying directly in connection with the name and description of that merchandise and each article, unit, or part thereof, a direct and unequivocal statement, phrase, or word which clearly indicated that the merchandise or each article, unit, or part thereof so advertised was defective, in violation of Business & Professions Code section 17531.

20.     The representations were made in a newspaper, magazine, circular, form letter or in an open publication, published, distributed, or circulated in this state, including over the Internet, or on any billboard, card, label, or other advertising medium, or by means of another advertising device.

21.     Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's violation of Business & Professions Code section 17531. Pursuant to Business & Professions Code section 17535, the Court may enjoin Defendant from engaging in any future violations of section 17531, and may make such orders or judgments, including the appointment of a receiver, as may be necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired by means of the violation of Business & Professions Code section 17531.

22.     Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants

1  DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all

2  claims and defenses which Plaintiff could assert against the seller.

3  <div align="center">**FOURTH CAUSE OF ACTION**</div>

4  <div align="center">**BY PLAINTIFFS AGAINST DEFENDANT**</div>

5  <div align="center">**FORD MOTOR COMPANY AND DOES 1 TO 50**</div>

6  <div align="center">**BREACH OF EXPRESS WARRANTY**</div>

7  <div align="center">**CAL. CIV. CODE § 1794**</div>

8      23.    Plaintiff incorporates by reference the allegations contained in paragraphs 4

9  through 6 and paragraph 10, above.

10     24.    In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to

11 Defendant's representative in this state to perform warranty repairs. Plaintiff may continue to do

12 so even after this lawsuit is filed. Plaintiff did so within a reasonable time. Each time Plaintiff

13 delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of

14 the defects. However, the representative failed to repair the Vehicle, breaching the terms of the

15 written warranty on each occasion.

16     25.    In addition, Defendant provided a warranty by virtue of a sample or model.

17 However, the Vehicle did not conform to the sample or model that Defendant provided.

18     26.    Plaintiff has been damaged by Defendant's failure to comply with its obligations

19 under the express warranty, and therefore brings this claim pursuant to Civil Code § 1794.

20     27.    Defendant's failure to comply with its obligations under the express warranty was

21 willful, in that Defendant and its representative were aware of their obligation to repair the

22 Vehicle under the express warranty, but they intentionally declined to fulfill that obligation.

23 Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages

24 pursuant to Civil Code § 1794(c).

25     28.    Plaintiff's agreement to purchase the Vehicle was memorialized in a written

26 document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER

27 CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE

28 DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES

OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

<div align="center">

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT**

**FORD MOTOR COMPANY AND DOES 1 TO 50**

**FAILURE TO PROMPTLY REPURCHASE PRODUCT**

**CAL. CIV. CODE § 1793.2(d)**

</div>

29.     Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6, above.

30.     Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2), and will continue to fail to promptly do so even after this lawsuit is filed.

31.     Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

32.     Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

33.     Civil Code § 1793.2(d) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 20 to 40 are persons who are in a position of responsibility which allows them to influence business policies

<div align="center">

7
COMPLAINT

</div>

or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

34.    Defendants DOES 30 to 50 are persons who aided, abetted, and/or ratified the violations of Civil Code § 1793.2(d) alleged in this cause of action.

35.    Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution despite Plaintiff's demand. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

36.    Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22. Despite Defendant's violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e).

37.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

<div align="center">

**SIXTH CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT**

**FORD MOTOR COMPANY AND DOES 1 TO 50**

**FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO**

**COMPLETE THEM WITHIN 30 DAYS**

**CAL. CIV. CODE § 1794**

</div>

38.    Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 10, above.

39.    Although Plaintiff delivered the Vehicle to Defendant's representative in this state and may continue to do so even after this lawsuit is filed, Defendant and its representative failed

<div align="center">

8
COMPLAINT

</div>

1 to commence the service or repairs within a reasonable time and failed to service or repair the

2 Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code §

3 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day

4 requirement

5     40.    Plaintiff has been damaged by Defendant's failure to comply with its obligations

6 pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

7     41.    Plaintiff's agreement to purchase the Vehicle was memorialized in a written

8 document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER

9 CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE

10 DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES

11 OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants

12 DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all

13 claims and defenses which Plaintiff could assert against the seller.

14     42.    Defendant's failure to comply with its obligations under § 1793.2(b) was willful,

15 in that Defendant and its representative were aware that they were obligated to service or repair

16 the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do

17 so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages

18 pursuant to § 1794(c).

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

### **PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

1.     For Plaintiff's damages in the amount of at least $77,700.88

2.     For restitution to Plaintiff in the amount of at least $77,700.88

3.     For an order enjoining Defendants from engaging in any act or practice constituting a violation of Business & Professions Code section 17531.

4.     On Plaintiff's Fourth Cause of Action, for a civil penalty for each violation pursuant to Civil Code § 1794(c).

5.     On Plaintiff's Fifth Cause of Action, for a declaration that Defendant is obliged to make restitution to Plaintiff pursuant to subdivision (d) of Civil Code section 1793.2 and to brand the title as required by subdivision (c) of Civil Code section 1793.23.

6.     On Plaintiff's Fifth Cause of Action, for a civil penalty for each violation pursuant to Civil Code § 1794(c) and (e).

7.     On Plaintiff's Sixth Cause of Action, for a civil penalty for each violation pursuant to Civil Code § 1794(c).

8.     For any consequential and incidental damages.

9.     For costs of the suit and Plaintiff's reasonable attorneys' fees.

10.    For prejudgment interest at the legal rate.

11.    And for such other relief as the Court may deem proper.

Dated: June 17, 2022          **The Law Offices of Jerry J. Haddad, APC**



Jerry J. Haddad, Esq.
Attorneys for Plaintiff,
DAVID DIAZ

1

## DEMAND FOR JURY TRIAL

2

3    1.   Plaintiff hereby demands a jury trial on all causes of action herein.

4

5    Dated: June 17, 2022                    **The Law Offices of Jerry J. Haddad, APC**

6

7

8    

9    _____

10       Jerry J. Haddad, Esq.
         Attorneys for Plaintiff,
11       DAVID DIAZ

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
</td><td>

Reserved for Clerk's File Stamp
</td></tr>
<tr><td colspan="2">

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012
</td><td>

**FILED**
Superior Court of California
County of Los Angeles

06/17/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Y. Tarasyuk _____ Deputy
</td></tr>
<tr><td colspan="2">

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**
</td><td></td></tr>
<tr><td>

Your case is assigned for all purposes to the judicial officer indicated below.
</td><td colspan="2">

CASE NUMBER:
22STCV19920
</td></tr>
</table>

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Holly J. Fujie | 56 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/20/2022
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Y. Tarasyuk _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**