# Exhibit 2

1  Michael D. Mortenson, State Bar No. 247758
    mmortenson@mortensontaggart.com
2  Craig A. Taggart, State Bar No. 239168
    ctaggart@mortensontaggart.com
3  Patricia H. Jun, State Bar No. 277461
    pjun@mortensontaggart.com
4  **MORTENSON TAGGART ADAMS LLP**
   300 Spectrum Center Dr., Suite 1200
5  Irvine, CA 92618
   Telephone: (949) 774-2224
6  Facsimile: (949) 774-2545

7  Attorneys for Defendant
   FORD MOTOR COMPANY
8
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                       **FOR THE COUNTY OF LOS ANGELES**
10

11 | DAVID DIAZ, an individual, | Case No. 22STCV19920
   |                            | *Hon. Holly J. Fujie*
12 |           Plaintiff,       | Dept. 56
13 |             vs.            |
14 | FORD MOTOR COMPANY; and DOES 1 | **DEFENDANT FORD MOTOR**
   | through 10, inclusive,         | **COMPANY'S ANSWER TO**
15 |                                | **PLAINTIFF'S COMPLAINT**
   |           Defendant.           |
16
17
18
19
20 |                                | Complaint Filed: June 17, 2022
21
22
23
24
25
26
27
28

ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to California Code of Civil Procedure section 431.30, defendant Ford Motor Company (collectively "Defendant") hereby generally deny each and every allegation in the Complaint and further deny that plaintiff David Diaz ("Plaintiff") have been damaged in any sum whatsoever.

Further answering the Complaint, and by way of affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The complaint, and each and every cause of action therein, is barred by the applicable statutes of limitation, including, but not limited to California Code of Civil Procedure §340(c).

### SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

If Plaintiffs sustain any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiffs' failure to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. The contributory negligence and fault of Plaintiffs diminish any recovery herein.

### THIRD AFFIRMATIVE DEFENSE

### (Contributory Negligence of Third Parties)

If Plaintiffs sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by persons and/or parties, other than Defendants, by failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Contributory negligence and fault of persons and/or parties, other than Defendants, diminish any recovery from Defendants.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiffs sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiffs' failure to mitigate damages. Plaintiffs' failure to mitigate damages diminishes any recovery herein.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendants are informed and believe and based thereon allege that Plaintiffs have engaged in conduct and activities sufficient to estop them from asserting all or any part of the claims set forth in Plaintiffs' Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendants are informed and believe and based thereon allege that Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, breach of warranty, negligence or any other conduct as set forth in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendants are informed and believe and based thereon allege that the claims and relief sought by Plaintiffs are barred by reason of the doctrine of unclean hands.

**EIGTH AFFIRMATIVE DEFENSE**

**(Laches)**

Defendants are informed and believe and based thereon allege that Plaintiffs have waited an unreasonable period of time to complain of the alleged acts or omissions at issue in the Complaint so as to prejudice Defendants. Plaintiffs are therefore guilty of laches and are barred from recovery.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure of Performance)**

Defendants are informed and believe and based thereon allege that any failure to perform the obligations as described in the Complaint resulted from Plaintiffs' failure to perform as required by the contract and/or warranty. Plaintiffs' performance was a condition precedent to the performance of Defendants' obligations.

///

///

## TENTH AFFIRMATIVE DEFENSE

### (Alteration of Product)

The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody, and control of Defendants. Any alleged damage or defect to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale and/or repair by persons other than Defendants or any of their agents, servants, or employees, thereby barring Plaintiffs' recovery herein.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to state sufficient facts to state any cause of action against Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Civil Penalties)

Any cause of action alleged in the Complaint seeking civil penalties is barred by the statute of limitations contained in Code of Civil Procedure, specifically, Section 340.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

The repair process to Plaintiffs' vehicle was appropriate and proper and is believed to have been done with Plaintiffs' consent.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Abuse or Failure to Maintain)

Plaintiffs are barred from recovery by virtue of Civil Code Section 1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale.

///
///
///
///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

Plaintiffs are precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiffs failed and refused to provide a reasonable opportunity to repair.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Qualified Third-Party Dispute Resolution Process)

Ford maintains a third-party dispute resolution process which substantially complies with Civil Code Section 1793.22. Ford is informed and believes and based thereon alleges that Plaintiffs received timely and appropriate notice of the availability of the process. Plaintiffs are therefore barred from asserting the presumptions set forth in Civil Code Section 1793.22 and from recovering civil penalties pursuant to Civil Code Section 1794(e).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

Defendants are informed and believe and based thereon allege that Plaintiffs failed to provide notice to Defendants pursuant to Civil Code Section 1794(e)(3). Plaintiffs are therefore barred from asserting the presumptions set forth in Civil Code Section 1793.22 and from recovering civil penalties pursuant to Civil Code Section 1794(e).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

Plaintiffs' cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Because Plaintiffs cannot establish any physical injury directly resulting from any alleged defect or nonconformity in the subject vehicle, Plaintiffs' claims are barred in whole or in part by the economic loss rule.

///

## TWENTIETH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

Because Plaintiffs' actions both prevented and excused Defendants' performance under the Song-Beverly Consumer Warranty Act and any and all applicable warranties, Plaintiffs' claims are barred in whole or in part by the prevention of performance doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (State-of-the-Art)

Ford's acts at the time of design, manufacture, and/or distribution of the subject vehicle were in conformity with the state-of-the-art based upon the mechanical, technical, and scientific knowledge existing at the relevant time, and Ford complied with all industry and government standards.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Prior Settlement)

Plaintiffs are barred from recovery herein as Defendants have previously settled with Plaintiffs in good faith.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs are barred from recovery herein as they have released all of their rights in a written document or check.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Right to Arbitrate)

Defendants are informed and believe and based thereon allege that Plaintiffs entered into a binding arbitration agreement with Defendants and/or any other selling or repairing dealerships. Defendants, therefore, may elect to exercise their right and pursue resolution of this dispute through arbitration.

///

///

///

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

Defendants reserve the right to raise and plead additional defenses and/or affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good faith reliance upon either the facts or the law, or a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

**PRAYER**

WHEREFORE, Defendants FORD MOTOR COMPANY and PERFORMANCE FORD pray as follows:

1. That Plaintiffs take nothing by way of their Complaint on file herein;
2. That judgment be entered in favor of Defendants for costs of suit; and,
3. For such other and further relief as the Court may deem just and proper.

DATED: August 16, 2022               MORTENSON TAGGART ADAMS LLP

By: _____
Michael D. Mortenson
Craig A. Taggart
Patricia H. Jun
Attorneys for Defendant
FORD MOTOR COMPANY

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF ORANGE )

I am employed by Mortenson Taggart Adams LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 300 Spectrum Center Drive, Suite 1200, Irvine, CA 92618. On August 16, 2022, I served the within documents:

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

| ☒ | **By United States mail.** I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I enclosed the above-referenced document(s) in a sealed envelope or package addressed to the person(s) at the address(es) as set forth below, and following ordinary business practices I placed the package for collection and mailing on the date and at the place of business set forth above. |
|---|---|

Jerry J. Haddad, Esq.
The Law Offices of Jerry J. Haddad, APC
8 Corporate Park, Suite 130
Irvine, CA 92606
Telephone: (949) 484-9704
Facsimile: (949) 943-1532
jerryh@lojjh.com

**ATTORNEY FOR PLAINTIFF**

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 16, 2022, at Irvine, California.

*Kaelyn Thurmond*
Kaelyn Thurmond